UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| _____ ) | | |
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| PATRICIA BARBUITO, | ) | CASE NO. 10-21676 (ASD) |
| | ) | |
| DEBTOR. | ) | |
| _____ ) | | |
| | ) | |
| JOSEPH BARBUITO, | ) | ADV.  PRO. NO. 10-02164 |
| | ) | |
| PLAINTIFF, | ) | |
| vs. | ) | |
| | ) | |
| PATRICIA BARBUITO, | ) | RE: ADV. ECF NO. 23 |
| | ) | |
| DEFENDANT. | ) | |
| _____ ) | | |

APPEARANCES:

Matthew R. Potter, Esq.                          Attorney for Plaintiff
Beck & Eldergill
447 Center Street
Manchester, CT 06040


Joseph J. D'Agostino, Jr.                        Attorney for Defendant
1062 Barnes Road
Suite 304
Wallingford, CT 06492


**MEMORANDUM OF DECISION ON PLAINTIFF'S UNCONTESTED
MOTION FOR SUMMARY JUDGMENT**

ALBERT S. DABROWSKI, United States Bankruptcy Judge

## I. INTRODUCTION

On May 18, 2010, Patricia Barbuito (hereinafter, the "Debtor") commenced the instant Bankruptcy Case by filing a voluntary petition under Chapter 7 of the United States Bankruptcy Code. The Debtor received her discharge under 11 U.S.C. §727 on October 27, 2010. ECF No. 38 (Case No. 10-21676).

On August 24, 2010, Joseph Barbuito (hereinafter, the "Plaintiff"), filed a *Complaint to Determine Dischargeability* (hereinafter, the "Complaint"), ECF No. 23  (Case No. 10-21676), Adv. ECF No. 1, against the Debtor, his former wife, asking the Court to determine nondischargeable, pursuant to Bankruptcy Code §523(a)(5)[1] and/or

---

[1]11 U.S.C. §523, Exceptions to Discharge, provides, in relevant part:

> (a) A discharge under section 727, . . . of this title does not discharge an individual debtor from any debt--

> * * * *
> (5) for a domestic support obligation

In relevant part, 11 U.S.C. 101(14A) defines the term "domestic support obligation" as "a debt that accrues before, on, or after the date of the order for relief in a case under this title . . .  that is --

> (A) owed to or recoverable by--

> (i) a spouse, [or] former spouse . . .

> (B) in the nature of alimony, maintenance, or support . . . without regard to whether such debt is expressly so designated;

> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of–

> (i) a separation agreement, divorce decree, or property settlement agreement;
> (ii) an order of a court of record; or
> (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit . . . ."

§523(a)(15)[2], debts totaling $1,314,517.71, incurred by the Debtor pursuant to the terms

of a September 20, 2007 divorce judgement (hereinafter, the "Divorce Judgment") of the

Superior Court of the State of Connecticut, Judicial District of Tolland, Doc. No. FA-06-

4004443-S, (hereinafter, the "State Court"), incorporating by reference, a Marital

Settlement Agreement entered into by the parties on June 7, 2007 (hereinafter, the

"Settlement").    On October 14, 2010, Attorney Joseph J. D'Agostino, Jr., filed an

appearance in the Adversary proceeding, Adv. ECF No. 9, and on that same date filed an

*Answer* to the Complaint, Adv. ECF No. 10,  admitting the Divorce Judgment and terms of

the Settlement but denying that the debts were nondischargeable under §§523(a)(5) and/or

523(a)(15).

On May 9, 2012, the Plaintiff filed a *Motion for Summary Judgment* (hereinafter, the

"Motion"), accompanied by a *Memorandum of Law in Support of Plaintiff's Motion for

Summary Judgment* and *Plaintiff's Local Rule 56(a)1 Statement,* Adv. ECF No. 23.  In

support of his Rule 56(a)1 Statement, the Plaintiff filed an *Affidavit of Joseph Barbuito,*

copies of the Divorce Judgment and Settlement. The Debtor, although represented by

counsel, has failed to file a response to the Motion within the 21 day period provided by the

Local Rules. *See* D. Conn L. Civ. R. 56(4) & 7(a)1.

---

[2]11 U.S.C. §523, Exceptions to Discharge, provides, in relevant part:

> "(a) A discharge under section 727 . . .   of this title does not discharge an
> individual debtor from any debt–
>
> * * * *
>
> (15) to a spouse, former spouse, or child of the debtor and not of the kind
> described in paragraph (5) that is incurred by the debtor in the course of a divorce
> or separation or in connection with a separation agreement, divorce decree or other order
> of a court of record, or a determination made in accordance with State or territorial law by
> a governmental unit . . . "

## II. JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over

the instant proceeding by virtue of 28 U.S.C. § 1334(b); and this Court derives its authority

to hear and determine this matter on reference from the District Court pursuant to 28

U.S.C. §§ 157(a), (b)(1).  This is a "core proceeding" pursuant to 28 U.S.C. §§ 157(b)(2)(J).

### III SUMMARY JUDGMENT PROCEEDINGS

*A. Summary Judgment Standards*

Federal Rule of Civil Procedure 56(c), (hereinafter, "Fed. R. Civ. P. __") made

applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7056, directs

that summary judgment enter when "the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine

issue as to any material fact and that the moving party is entitled to judgment as a matter

of law." *Novak v. Blonder (In re Blonder)*, 246 B.R. 147, 150 (Bankr. D. Conn. 2000)

(internal citations omitted).

When ruling on motions for summary judgment, "the judge's function is not . . . to

weigh the evidence and determine the truth of the matter but to determine whether there

is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct.

2505, 2511 (1986).  A dispute regarding a material fact is genuine "if the evidence is such

that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.  As to

materiality, the substantive law will identify which facts are material. Only disputes over

facts that might affect the outcome of the suit under the governing law will properly

preclude the entry of summary judgment. Factual disputes that are irrelevant or

unnecessary will not be counted. *Id*. In deciding a summary judgment motion, the court,"cannot try issues of fact, but can only determine whether there are issues of fact to be tried." *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir.1984), (quoting *Empire Electronics Co. v. United States,* 311 F.2d 175, 179 (2d Cir. 1962)).

The moving party has the burden of showing that there are no material facts in dispute and all reasonable inferences are to be drawn, and all ambiguities resolved, in favor of the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed.2d 142 (1970) (superceded on other grounds); *see also*, *In re Blonder*, 246 B.R. at 150. On a motion for summary judgment, even if the moving party's assertions are accepted as true, the moving party must still demonstrate a *prima facie* case of entitlement to judgment as a matter of law before the burden shifts to the non-movant to show genuine issues of material fact in dispute. *See Vermont Teddy Bear Co., Inc. v. 1-800 BEARGRAM Co.*, 373 F.3d 241, 246 (2d Cir. 2004).

The standard of review is the same in reviewing an order granting an unopposed motion for summary judgment. See *Vermont Teddy Bear* at 244. In deciding an unopposed summary judgment motion, the "court must still assess whether the moving party ha[s] fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law." *Id*. "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented*." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006), *quoting*, *Vermont Teddy Bear* at 244.

*B. Findings of Fact Not in Material Dispute*

The Court has reviewed the Plaintiff's Motion, Memorandum of Law and *Plaintiff's Local Rule 56(a)1 Statement*, Affidavit of Joseph Barbuito*, copies of the Divorce Judgment and Settlement and the Debtor's Answer. Based upon that review, the Court finds the following facts not to be in genuine issue and makes the following enumerated findings of fact for the purposes of the present Motion.

1.      The Plaintiff, Joseph Barbuito and the Debtor, Patricia Barbuito were married on December 15, 1990, in Manchester, Connecticut.  No children were born from the marriage.

2.      The Plaintiff was divorced from the Debtor on September 20, 2007, under the terms of the Settlement entered into by the parties on June 7, 2007.  Both the Plaintiff and the Debtor were represented by counsel in the divorce proceeding.

3.      During the course of their marriage, the Plaintiff and Debtor became joint owners of real estate located at 39 Tania Drive, Manchester which served as their residence.

4.      During the course of their marriage, the Plaintiff and the Debtor operated a business known as Renaissance Stone, LLP, located in Wallingford, Connecticut which then represented their primary source of income and means of support.

5.      The primary purpose of the business was the installation of kitchen and bathroom granite countertops.

6.      During the course of the marriage, the Plaintiff and Debtor also owned RS Property Management, LLC, which owned the real estate leased by Renaissance Stone,

LLP.   Renaissance Stone, LLP, paid the majority of the rent due RS Property Management, LLC.

7.    Under the title "PROPERTY DIVISION," one of the terms of the Settlement provided for the Debtor to purchase the Plaintiff's interest in the business and its assets, the commercial-related real estate and their residential real estate.

8.    In exchange for the Plaintiff's transfer of his interests in the business and its assets, commercial-related property and individual residence, the parties agreed that the Debtor would pay to the Plaintiff the sum of $320,000 on the date of the Divorce Judgment. The amount of Plaintiff's share of the net equity in the various assets was determined by taking their total value, dividing the value in two, and then deducting the existing business debt as of the date of the divorce. The net values were allocated as follows:

    1.    $120,000 to purchase the business assets;

    2.    $67,500 to purchase the commercial-related real estate; and

    3.    $132,500 to purchase the residential real property.

9.    The Debtor agreed to give the Plaintiff sufficient cash and hold the Plaintiff harmless from the debts of the old business so that the Plaintiff could start a new similar business.

10.    In furtherance of the agreement to transfer the assets, the Settlement provided for the Debtor to assume sole responsibility for the payment all existing debts and those arising in the future and stated specifically:

    6.1.2 The Wife [Debtor] shall retain as her sole and exclusive assets all of the real estate and all of the equity therein.  The Husband [Plaintiff] shall transfer all of his interest therein to the Wife on the date of judgment of the entry of a judgment of dissolution.  Wife shall be solely responsible to timely pay all mortgages, utilities, taxes, insurances and other expenses

associated with all three parcels. *Wife shall hold harmless and indemnify the Husband with respect to all such costs, expenses and liabilities as stated in Section 7.3 and Section 7.5 herein*. (Emphasis added).

6.5.1 Wife shall be solely responsible to timely pay all costs, expenses and liabilities of any nature in connection with said real estate or business interests from the date of judgment and *shall hold the Husband harmless and indemnify the Husband with respect to any and all costs expenses and, liabilities.* (Emphasis added).

7. 3 Without limiting the Wife's obligations set forth in paragraph 6.5.1, the Wife will be solely responsible solely responsible for the following debts:
a. Webster Bank Line of credit to Renaissance Stone LLP, in the outstanding principle amount of $140,086.90.
b. Webster Bank (SBA) loan to RS Property Management LLC in the outstanding principle balance of $513,641.84.
c. Bank of America Home Equity line of credit to Husband and Wife in the outstanding principle balance of $119,074.86.
d. Citicorp loan to Husband and Wife in the outstanding principle balance of $164,199.70.
e. Bank of America Loan to Renaissance Stone LLP (formally the Wells Fargo Loan) in the outstanding principle balance of $43,514.41.
f. Small Business Association Loan to Renaissance Stone LLP in the approximate outstanding principle balance of $300,000.
g. Equipment Purchase loan from De Lage Landen to Renaissance Stone LLP, in the approximate outstanding principle balance of $34,000.

7.5. In the event that the Wife or either of their Companies shall twice during any twelve month period be in default of the material term of the existing bank mortgage or loan agreement which the Husband is an obligor or guarantor, or fails to make payments due within the grace period provided for in any such obligation, the Wife shall cause the Husband's name to be removed, by refinance or sale of the property, from said obligation within ninety (90) days of any such default. Time is of the essence with respect to timely (i.e. within the aforesaid grace period) monthly installment payments. The failure of the Husband to insist on compliance with any of the above shall not constitute a waiver of any subsequent failure to comply.

25. <u>BANKRUPTCY</u>.

The parties recognize and agree that this Agreement has been negotiated in its entirety and the provisions relating to alimony (or the waiver thereof), the transfer of assets and apportionment of certain obligations are all interrelated with the goal of arriving at an equitable level of support and/or distribution of assets. Accordingly, it is hereby expressly agreed that notwithstanding the labels of any particular paragraph hereof, all of the obligations created by this Agreement are in the nature of support and, therefore, shall not be dischargeable by either party in the event of a bankruptcy filing.

11.    The Settlement also provided that the Plaintiff was free to operate another entity conducting the same type of business, as long as, *inter alia*, the Plaintiff did not open one with a name similar in any way to that of Renaissance Stone, that his new business be located outside of Wallingford or beyond a 7.5 mile radius of Renaissance Stone's present location, whichever was greater.

12.    After the divorce, the Plaintiff commenced operation of his own new business.

13.    The Settlement contained a provision that neither party would now or in the future seek an award of alimony:

5. <u>ALIMONY</u>.

5.1 Each party has carefully considered the future projected income, financial resources, liabilities, and expenses of the other and of themselves. They have decided that neither party will receive alimony. The parties understand that they may not return to this court or any other court in the future to request alimony from the other.

## IV. DISCUSSION

A debtor in a Chapter 7 case receives a discharge of debts under the authority of Section 727(b) of the Bankruptcy Code, which provides, in relevant part, that "except as provided in section 523 of this title, a discharge . . . discharges the debtor from all debts

that arose before the date of the order for relief under this chapter . . . ."   "The party

opposing the bankruptcy discharge of a particular debt – the Plaintiff here – bears the

burden of proving by a preponderance of the evidence that the requirements of the

relevant subsection of Section 523(a) have been met. *Grogan v. Garner*, 498 U.S. 279,

112 L. Ed. 2d 755, 111 S. Ct. 654 (1991)." *Detels v. Nero (In re Nero),* 323 B.R. 33, 37

(Bankr. D. Conn. 2005).

The Plaintiff asserts in his Rule 56(a)1 Statement that the Debtor's debts to him

reflected in the Settlement are (i) in the nature of a "domestic support obligation" within the

meaning of §§523(a)(5) and 101(14A) and/or (ii) are not domestic support obligations, but

are debts to a former spouse, incurred by the Debtor in the course of a "divorce . . . or

separation agreement, divorce decree. . . ," within the meaning of §523(a)(15), and either

way, are not dischargeable.  The Plaintiff cannot prevail under both subsections, however.

Subsection (a)(15) was enacted in 1994 to cover debts *not* covered by subsection (a)(5);

it was substantially amended by BAPCPA to eliminate two affirmative defenses available

to debtors under the 1994 version.  Under the prior law, to discharge these debts, a court

was required to determine that the debtor did not have the ability to repay the obligation,

and that the discharge of the debt would yield a benefit to the debtor that outweighed the

detriment of the discharge to the former spouse or child of the debtor.  Under the current

version of the law, to succeed under §523(a)(15), a plaintiff only bears the burden of

proving three elements: first, that the debt in question is to a spouse, a former spouse or

child; second, that the debt is *not* a support obligation of the type described in §523(a)(5);

and third, that the obligation was incurred in a separation agreement, a divorce decree or

10

other order of a court of record.

In adjudicating summary judgment motions where one party has failed to respond, the Court must independently ascertain whether the citations to evidence in the record support the assertions made by the other party. Here, the Plaintiff has clearly establish the first and third elements of §523(a)(15). The material facts specifically cited to in the record, demonstrate by a preponderance of the evidence, that at minimum, the debts arose as a part of a "hold harmless provision" in a Settlement Agreement entered into by the Plaintiff and Debtor in the course of a divorce, and were incorporated by reference into the Divorce Judgment. The material facts do not, however, so clearly establish that the debts are or are not "domestic support obligations" within the meaning of §§523(a)(5) and 101(14A). However, if the debts are not "domestic support obligations," then the debts are non-dischargeable under §523(a)(15). If they are "domestic support obligations" then they are non-dischargeable under §523(a)(5). Therefore, it is not necessary for the Court in the context of this Chapter 7 case to determine whether they are non-dischargeable under §§523(a)(5) or 523(a)(15). *See*, *Tarone v. Tarone,* 434 B.R. 41, 49 (Bankr. E.D.N.Y. 2010)*,* ("[I]t is irrelevant whether those awards constitute true support obligations, because even if not encompassed within §523(a)(5), they are nondischargeable pursuant to §523(a)(15)")*; Gilman v. Golia*, 393 B.R. 56, 62 (Bankr. E.D.N.Y. 2008)[3] and *Monastra v. Monastra (In re Monastra)*, Adv. No. 10-090, 2010 Bank. LEXIS 3616* (Bankr. E.D. Pa.,

---

[3]"[T]his Court need not make a determination on whether the amounts awarded under the Judgments at issue constitute domestic support obligations under 11 U.S.C. § 523(a)(5) if the Plaintiff can demonstrate that the Judgments would be nondischargeable in any event under 11 U.S.C. § 523(a)(15) because each Judgment constitutes a debt (1) owed to or recoverable by 'a spouse, former spouse, or child of the debtor" and (2) "is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record.'"

October 6, 2010).

## V. CONCLUSION

For the foregoing reasons, whether under §523(a)(5) or §523(a)(15), the debts identified and enumerated in paragraph 10 of the Facts Not in Material Dispute, ¶7.3 of the Settlement, are not dischargeable as to the Plaintiff under the Bankruptcy Code. A judgment to this effect enters simultaneously herewith.

Dated: August 6, 2012                                                    BY THE COURT

Albert S. Dabrowski
United States Bankruptcy Judge